UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ERICA HAWKINS,

Plaintiff,

v.

Case No. 2:26-cv-384

CITY OF KENOSHA,
MICHAEL O'NEIL,
MATTHEW LOVELL,
ANTHONY BECK,
JUSTIN LABATORE, and
CADEN KREUSER,

Defendants.

---

**ANSWER AND AFFIRMATIVE DEFENSES**

---

The Defendants, City of Kenosha, Michael O'Neil, Matthew Lovell, Anthony Beck, Justin Labatore and Caden Kreuser, by and through their counsel, Kasdorf, Lewis & Swietlik, S.C., hereby answer the Plaintiff's Complaint as follows:

**INTRODUCTION**

1. Paragraph 1 of the Complaint does not require an answer, as it merely summarizes the Plaintiff's intent in filing the lawsuit. To the extent Paragraph 1 requires an answer, these answering Defendants deny the allegations and put the Plaintiff to her strict proof.
2. In answer to Paragraph 2, admit.
3. In answer to Paragraph 3, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To the extent that a response is required, deny the allegations and put the Plaintiff to her strict proof.

4. In answer to Paragraph 4, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To the extent that a response is required, deny the allegations and put the Plaintiff to her strict proof.
5. In answer to Paragraph 5, admit.
6. In answer to Paragraph 6, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To the extent that a response is required, deny the allegations and put the Plaintiff to her strict proof.
7. In answer to Paragraph 7, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To the extent that a response is required, deny the allegations and put the Plaintiff to her strict proof.

**JURISDICTION AND VENUE**

8. In answer to Paragraph 8, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To the extent that a response is required, admit that jurisdiction is proper over the claims alleged in the Complaint but deny the allegations set forth in the Complaint and put the Plaintiff to her strict proof as to those allegations.
9. In answer to Paragraph 9, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To the extent that a response is required, admit that venue is proper over the claims alleged in the Complaint but deny the allegations set forth in the Complaint and put the Plaintiff to her strict proof as to those allegations.

**PARTIES**

10. In answer to Paragraph 10, upon information and belief, admit.
11. In answer to Paragraph 11, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To the extent that a response is required, admit

that the individually named officers were employed with the City of Kenosha at the time of the allegations in the complaint but lack knowledge for any remaining allegations set forth therein and put the Plaintiff to her strict proof as to those allegations.

12. In answer to Paragraph 12, admit.

13. In answer to Paragraph 13, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To extent that a response is required, lack knowledge as to the allegations set forth therein and put the Plaintiff to her strict proof.

14. In answer to Paragraph 14, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To extent that a response is required, admit.

15. In answer to Paragraph 15, admit.

16. In answer to Paragraph 16, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To extent that a response is required, lack knowledge as to the allegations set forth therein and put the Plaintiff to her strict proof.

17. In answer to Paragraph 17, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To extent that a response is required, admit.

18. In answer to Paragraph 18, admit.

19. In answer to Paragraph 19, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To extent that a response is required, lack knowledge as to the allegations set forth therein and put the Plaintiff to her strict proof.

20. In answer to Paragraph 20, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To extent that a response is required, admit.

21. In answer to Paragraph 21, admit.

22. In answer to Paragraph 22, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To extent that a response is required, lack knowledge as to the allegations set forth therein and put the Plaintiff to her strict proof.
23. In answer to Paragraph 23, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To extent that a response is required, admit.
24. In answer to Paragraph 24, admit.
25. In answer to Paragraph 25, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To extent that a response is required, lack knowledge as to the allegations set forth therein and put the Plaintiff to her strict proof.
26. In answer to Paragraph 26, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To extent that a response is required, admit.

## FACTS

### The January 4, 2025 Interaction

27. In answer to Paragraph 27, admit.
28. In answer to Paragraph 28, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.
29. In answer to Paragraph 29, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

30. In answer to Paragraph 30, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

31. In answer to Paragraph 31, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

32. In answer to Paragraph 32, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

33. In answer to Paragraph 33, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

34. In answer to Paragraph 34, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

35. In answer to Paragraph 35, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her

strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

36. In answer to Paragraph 36, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

37. In answer to Paragraph 37, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

38. In answer to Paragraph 38, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

39. In answer to Paragraph 39, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

40. In answer to Paragraph 40, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

41. In answer to Paragraph 41, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

42. In answer to Paragraph 42, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

43. In answer to Paragraph 43, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

44. In answer to Paragraph 44, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

45. In answer to Paragraph 45, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

46. In answer to Paragraph 46, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her

strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

47. In answer to Paragraph 47, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

48. In answer to Paragraph 48, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

49. In answer to Paragraph 49, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

50. In answer to Paragraph 50, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

51. In answer to Paragraph 51, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

52. In answer to Paragraph 52, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

53. In answer to Paragraph 53, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

54. In answer to Paragraph 54, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

55. In answer to Paragraph 55, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

56. In answer to Paragraph 56, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

57. In answer to Paragraph 57, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her

strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

58. In answer to Paragraph 58, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

59. In answer to Paragraph 59, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To extent that a response is required, lack knowledge as to the allegations set forth therein and put the Plaintiff to her strict proof.

60. In answer to Paragraph 60, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To extent that a response is required, lack knowledge as to the allegations set forth therein and put the Plaintiff to her strict proof.

**The September 24, 2025 Interaction**

61. In answer to Paragraph 61, admit.

62. In answer to Paragraph 62, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

63. In answer to Paragraph 63, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

64. In answer to Paragraph 64, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

65. In answer to Paragraph 65, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

66. In answer to Paragraph 66, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

67. In answer to Paragraph 67, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

68. In answer to Paragraph 68, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To extent that a response is required, lack knowledge as to the allegations set forth therein and put the Plaintiff to her strict proof.

69. In answer to Paragraph 69, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To extent that a response is required, lack knowledge as to the allegations set forth therein and put the Plaintiff to her strict proof.

70. In answer to Paragraph 70, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

71. In answer to Paragraph 71, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

72. In answer to Paragraph 72, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

73. In answer to Paragraph 73, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

74. In answer to Paragraph 74, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

75. In answer to Paragraph 75, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To extent that a response is required, lack knowledge as to the allegations set forth therein and put the Plaintiff to her strict proof.

76. In answer to Paragraph 76, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

77. In answer to Paragraph 77, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

78. In answer to Paragraph 78, lack knowledge or information sufficient to respond to the allegations contained in said paragraph and, therefore, deny and put the Plaintiff to her strict proof. Affirmatively set forth that any audio or video recordings referenced or relied upon to form the basis of this paragraph speak for themselves.

79. In answer to Paragraph 79, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To extent that a response is required, lack knowledge as to the allegations set forth therein and put the Plaintiff to her strict proof.

COUNT 1:
42 U.S.C. § 1983 Claim for Unlawful Search and Failure to Intervene
January 4, 2025

80. In answer to Paragraph 80, these answering Defendants reallege as though fully set forth and incorporated herein Paragraphs 1-79 of this Answer.

81. In answer to Paragraph 81, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To extent that a response is required, lack knowledge as to the allegations set forth therein and put the Plaintiff to her strict proof.

82. In answer to Paragraph 82, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To extent that a response is required, lack knowledge as to the allegations set forth therein and put the Plaintiff to her strict proof.

83. In answer to Paragraph 83, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To extent that a response is required, lack knowledge as to the allegations set forth therein and put the Plaintiff to her strict proof.

84. In answer to Paragraph 84, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To extent that a response is required, lack knowledge as to the allegations set forth therein and put the Plaintiff to her strict proof.

85. In answer to Paragraph 85, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To extent that a response is required, lack knowledge as to the allegations set forth therein and put the Plaintiff to her strict proof.

86. In answer to Paragraph 86, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To extent that a response is required, lack knowledge as to the allegations set forth therein and put the Plaintiff to her strict proof.

COUNT 2:
42 U.S.C. § 1983 Claim for Illegal Seizure for Extending Traffic Stop
January 4, 2025

87. In answer to Paragraph 87, these answering Defendants reallege as though fully set forth and incorporated herein Paragraphs 1-86 of this Answer.

88. In answer to Paragraph 88, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To extent that a response is required, lack knowledge as to the allegations set forth therein and put the Plaintiff to her strict proof.

89. In answer to Paragraph 89, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To extent that a response is required, lack knowledge as to the allegations set forth therein and put the Plaintiff to her strict proof.

90. In answer to Paragraph 90, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To extent that a response is required, lack knowledge as to the allegations set forth therein and put the Plaintiff to her strict proof.

COUNT 3:
42 U.S.C. § 1983 Claim for Unlawful Search and Failure to Intervene
September 24, 2025

91. In answer to Paragraph 91, these answering Defendants reallege as though fully set forth and incorporated herein Paragraphs 1-90 of this Answer.

92. In answer to Paragraph 92, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To extent that a response is required, lack knowledge as to the allegations set forth therein and put the Plaintiff to her strict proof.

93. In answer to Paragraph 93, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To extent that a response is required, lack knowledge as to the allegations set forth therein and put the Plaintiff to her strict proof.

94. In answer to Paragraph 94, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To extent that a response is required, lack knowledge as to the allegations set forth therein and put the Plaintiff to her strict proof.

95. In answer to Paragraph 95, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To extent that a response is required, lack knowledge as to the allegations set forth therein and put the Plaintiff to her strict proof.

96. In answer to Paragraph 96, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To extent that a response is required, lack knowledge as to the allegations set forth therein and put the Plaintiff to her strict proof.

97. In answer to Paragraph 97, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To extent that a response is required, lack knowledge as to the allegations set forth therein and put the Plaintiff to her strict proof.

COUNT 4:
42 U.S.C. § 1983 Claim for Unlawful Search and Failure to Intervene
January 4, 2025

98. In answer to Paragraph 98, these answering Defendants reallege as though fully set forth and incorporated herein Paragraphs 1-97 of this Answer.

99. In answer to Paragraph 99, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To extent that a response is required, lack knowledge as to the allegations set forth therein and put the Plaintiff to her strict proof.

100. In answer to Paragraph 100, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To extent that a response is required, lack knowledge as to the allegations set forth therein and put the Plaintiff to her strict proof.

101. In answer to Paragraph 101, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To extent that a response is required, lack knowledge as to the allegations set forth therein and put the Plaintiff to her strict proof.

102. In answer to Paragraph 102, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To extent that a response is required, lack knowledge as to the allegations set forth therein and put the Plaintiff to her strict proof.

COUNT 5:
Indemnification Claim Against City of Kenosha

103. In answer to Paragraph 103, these answering Defendants reallege as though fully set forth and incorporated herein Paragraphs 1-102 of this Answer.

104. In answer to Paragraph 104, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To extent that a response is required, lack knowledge as to the allegations set forth therein and put the Plaintiff to her strict proof.[1]

105. In answer to Paragraph 105, affirmatively set forth that the paragraph calls for a legal conclusion to which no response is required. To extent that a response is required, lack knowledge as to the allegations set forth therein and put the Plaintiff to her strict proof.

## AFFIRMATIVE DEFENSES

The Defendants, City of Kenosha, Michael O'Neil, Matthew Lovell, Anthony Beck, Justin Labatore and Caden Kreuser, further answer the First Amended Complaint at Law by way of affirmative defenses applicable to all claims for relief alleges and shows to the Court as follows:

1. Plaintiff's claims may fail in whole or in part to state a claim upon which relief may be granted against these answering Defendants.

2. Plaintiff may have failed to mitigate her damages as required by law.

3. Plaintiff's damages, if any, may have been caused in whole or in part by her own actions and/or omissions.

4. Plaintiff's damages, if any, may have been caused in whole or in part by the actions/omissions of others over whom these answering Defendants did not have any control.

---

[1] Wis. Stat. § 895.46 does not provide a private right of action against a municipality for indemnification. *See, Jacson v. Graves,* No. 14 cv 1206 U.S. Dist. LEXIS 126841, at * 8 (E.D. Wis. Sept. 22, 2025).

5. Plaintiff's damages, if any, may have been the result of an intervening and/or superseding cause.

6. To the extent that Plaintiff brings state law claims, the claims are subject to limitations, requirements, caps and immunities as set forth in Wis. Stat. § 893.80.

7. The claims against these Defendants in whole and/or in part may be barred by qualified or absolute immunity.

8. Upon information and belief, these answering Defendants are immune from punitive damages.

9. Plaintiff's requested relief is beyond the scope of this Court's authority.

10. The Plaintiff's claims are barred in whole and/or in part by her voluntary consent.

11. At certain times, these Defendants' conduct was reasonable under the totality of the circumstances.

12. The Plaintiff was not seized or searched within the meaning of the Fourth Amendment.

13. Wisconsin Statutes section 895.46 does not provide a cause of action for indemnification and, therefore, the claim for indemnification against the City of Kenosha is not viable.

14. Plaintiff's claims for respondeat superior and/or vicarious liability are barred in whole or in part by 42 U.S.C. § 1983.

15. Defendants incorporate, as applicable, all affirmative defenses set forth in Rule 8 and Rule 12.

16. These answering Defendants reserve the right to amend this Answer and responsive pleading to assert additional defenses as discovery proceeds.

## PRAYER FOR RELIEF

WHEREFORE, these answering Defendants hereby demand judgment as follows:

(a) Dismissal of Plaintiff's Complaint upon the merits;

(b) Together with costs and disbursements; and

(c) Any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

These answering Defendants demand a trial by jury.

Dated this 7th day of May, 2026.

KASDORF, LEWIS & SWIETLIK, S.C.
Attorneys for Defendants

By: *Electronically signed by Colin J. Casper*
Colin J. Casper, Esq.
State Bar No. 1084706
ccasper@kasdorf.com

P. O. ADDRESS:
One Park Plaza – 5th Floor
11270 West Park Place
Milwaukee, WI 53224
(414) 577-4000
FAX: (414) 577-4400